## NINA WALKER *vs.* JAMES W. G. WALKER.

### DECEMBER 10, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Divorce.   Amendment of Specifications.*

After a petition for divorce from bed and board on the grounds of adultery, extreme cruelty and other gross misbehavior and wickedness, without specifications as to the latter ground, had been denied for the reason that neither adultery nor extreme cruelty had been proved, and exception overruled, petitioner moved in the Supreme Court to amend her petition by adding specifications of alleged misbehavior and wickedness.

*Held,* that as the evidence warranted the court under an amended petition in granting the divorce, petition to amend would be granted, and under Gen. Laws, cap. 298, § 22, respondent would be permitted to show cause why the case should not be remitted with direction to enter decision for petitioner.

*(2)   Divorce.   Evidence.*

In a petition for divorce, on the ground of gross misbehavior, letters written by a third party to respondent, disclosing hatred of the writer towards the petitioner and referring to the existence of improper relations between the writer and respondent, are admissible against respondent where it appeared that respondent did not repudiate the letters, but continued his correspondence with the writer, had her at his house in the absence of his wife and on occasions visited her alone at her lodgings.

*(3)   Divorce.   Separate Maintenance.*

The provision in Gen. Laws, cap. 247, § 8, for divorce from bed and board "for such other causes as may seem to require the same" refers to causes for separation which if they do not equal in enormity, yet are like in kind with the offences that are causes of divorce, and the general clause providing for divorce for "gross misbehavior and wickedness repugnant to and inconsistent with the marriage covenant" requires that the conduct should have some character of licentiousness or brutality, allying it in its moral attributes with adultery or extreme cruelty.

Upon consideration of the evidence:

*Held,* that the conduct of respondent, although not amounting to adultery, had such a character of licentiousness as allied it to that offence and was like it in kind.

DIVORCE.   Heard on motion of petitioner to amend petition by adding certain specifications and motion granted.

SWEETLAND, J.   This petition for a divorce *a mensa et thoro* is before us upon the petitioner's motion to amend the

petition to conform with what she claims was the proof in the Superior Court.

The grounds for divorce alleged in the petition are adultery, extreme cruelty and other gross misbehavior and wickedness in violation of the marriage covenant of the respondent; as to the latter ground there are no specifications contained in the petition. After the last trial in the Superior Court the justice presiding denied the petition for the reason that the petitioner had not proved either adultery or extreme cruelty. The case came before this court upon exception to said decision, and after a consideration of the evidence before said justice we refused to disturb his decision. The petitioner moved for a reargument of the exception on the ground, among others, that "The evidence in the case shows clearly that the respondent has been guilty of gross misbehavior and wickedness repugnant to the marriage covenant and such as entitled her to live separately and apart from the respondent." In a rescript filed July 1, 1915, this court, in accordance with the rule to which it has always adhered, refused to consider the ground of "other gross misbehavior and wickedness in violation of his marriage covenant" alleged in the petition, because the petition did not specify the acts relied upon to make out said charge. *Brown* v. *Brown*, 2 R. I. 381. The petitioner has moved to amend her petition by adding certain specifications of alleged misbehavior and wickedness repugnant to the marriage covenant of the respondent. Among said specifications are the following, being the specifications marked (1) in said motion, a portion of the specification marked (5) in said motion, and a portion of the specification marked (6) in said motion:

"(1.) That for a period of time from 1901 and continuing thereafter he has kept up and continued an undue, improper, indecorous, and licentious association and intimacy with a woman, named Mabel Cochrane, many years his junior, and of questionable character and immoral habits."

"(5.) That during the period beginning in the fall of 1901, and continuing thereafter, the respondent has be-

stowed upon and received from a woman named Mabel Cochrane, marked and improper attention, has indulged in undue and improper familiarity and intimacy with her; has part of the time, in the absence of his wife, and without her knowledge (and all of the time without her knowing who Mabel Cochrane was), had said Mabel Cochrane stay in his home for long periods of time and had her occupy a room or rooms adjoining or connecting with his so that they were constantly in each other's company, and improperly familiar and unduly intimate; that at other times while respondent was in the City of Charleston, South Carolina, he has boarded the said Mabel Cochrane in a hotel in said city; that during said period from 1901 the respondent has carried on a correspondence with said Mabel Cochrane, has received from her a letter or letters reflecting upon your petitioner, as well as letters of an improper and lascivious nature, and which show improper and lascivious relations between the said respondent and said Mabel Cochrane, and said respondent has continued to correspond with said Mabel Cochrane, and has from time to time visited her clandestinely in her apartments in Boston and elsewhere, and has been received by her alone, and with locked doors, when she was immodestly and improperly clad."

"(6.) That the said respondent has been guilty of licentious and lascivious conduct with one Mabel Cochrane."

If the evidence presented before the Superior Court and contained in the transcript now before us establishes the above allegations, which we have taken from the specifications contained in the petitioner's motion to amend, then the petitioner will be granted leave to amend her petition to conform with the proof in that regard; and upon the petition so amended and the evidence she would be entitled to a decision in her favor.

At the first trial of this case the justice presiding in the Superior Court found the respondent guilty of adultery with said Mabel Cochrane upon evidence entirely circumstantial. In speaking of the evidence as to the relations existing

between the respondent and Mabel Cochrane said justice said that he was led "to a strong and abiding conviction that they have sustained adulterous relations with each other and that in all probability such relations have extended over a long period of time." The evidence before said justice was also presented at the last trial.

After decision for the petitioner in the first trial, a new trial was granted on the ground of newly discovered evidence, which newly discovered evidence was as to the result of a physical examination of Mabel Cochrane and tended to prove that said Mabel Cochrane had never had sexual intercourse with this respondent nor with any other man. At the trial so granted, which was the last trial in the Superior Court, the justice presiding did not make specific findings as to the evidence bearing upon the petitioner's claim of improper, licentious and lascivious relations existing between the respondent and Mabel Cochrane. In his decision said justice said: "I do not accept the statement of the respondent that his relations with Mabel Cochrane were quite as innocent as he claims." By this we understand said justice to intend that he does not credit the respondent's testimony that his relations with Mabel Cochrane were entirely innocent. Said justice was much influenced by the testimony of the physicians, who had made a physical examination of Mabel Cochrane since the first trial and who said that in their opinion Mabel Cochrane at the time of their examination was a virgin. From all the testimony said justice found that the charge of adultery had not been proved. In passing upon the exception to that decision this court in its rescript said: "Excluding the large volume of testimony which was introduced on either side in regard to the matter involved in the claim of newly discovered evidence, we are of the opinion that upon the rest of the testimony a decision for the petitioner would have been justified; but when considered in connection with the new testimony we think that the trial justice should be supported in his finding that adultery has not been proved." After a further

consideration of the evidence we are of the opinion that the petitioner has thoroughly proved the allegations contained in that portion of her specifications which are herein set out above. The justice of the Superior Court presiding at the the first trial found in the relations of the respondent with Mabel Cochrane such circumstantial evidence of opportunity and adulterous intent on the part of each as to lead him to find adultery. From the new evidence as to the physical condition of Mabel Cochrane, rebutting the inference of acts of adultery ordinarily to be drawn from such relations, the justice presiding at the second trial found that adultery was not proved; and this court was forced to the same conclusions. Such conclusion, however, does not amount to a finding, as the respondent contends, that such improper, licentious and lascivious relations did not exist.

A part of the evidence which the petitioner claims supports the allegations of misbehavior and wickedness set out above is contained in certain letters from Mabel Cochrane to the respondent which were introduced at both trials. These letters refer to a written correspondence between Mabel Cochrane and the respondent, they disclose hatred on the (2) part of Mabel Cochrane towards the petitioner, and clearly refer to the existence of improper, lewd and licentious relations between the writer and the respondent. The respondent objected to the introduction of these letters in evidence and now claims that they should not be considered by us. It is established that said letters were all written by Mabel Cochrane and received by the respondent. They were written to him by a woman whose ostensible relations with him were those of a servant to her employer. Although these letters contained expressions of hostility to his wife and great affection towards him, and contained references to improper conduct between the writer and himself, nevertheless the respondent did not repudiate the matter contained in the letters, but continued to write to Mabel Cochrane, had her at his house for a considerable time while his wife was away, and on a number of occasions visited her alone at

her lodgings, which consisted of a single bed room. In these circumstances, because of the conduct of the respondent after receiving the letters, said letters are admissible as competent evidence against him.

Under the provisions of Gen. Laws, 1909, Chapter 247, § 8, divorces from bed, board and future cohabitation until the parties be reconciled may be granted for the causes for which divorces from the bond of marriage may be decreed; and further judicial discretion is given to the court to grant such divorces "for such other causes as may seem to require the same." The language of the latter clause has been construed by this court in *Battey* v. *Battey,* 1 R. I. 212, as referring to causes for separation, which if they do not equal in enormity yet are like in kind with the offences that are causes of divorce. In *Stevens* v. *Stevens,* 8 R. I. 557, in considering the general clause of the statute providing for divorces for "gross misbehavior and wickedness repugnant to and inconsistent with the marriage covenant" this court held that this clause should be interpreted in the light of the preceding specific enumerations; and to make the conduct of a respondent a ground for divorce under this general clause, such conduct should have some character of licentiousness or brutality allying it in its moral attributes with adultery or extreme cruelty. In our opinion the conduct of the respondent with Mabel Cochrane, continuing over a long period, although not amounting to acts of adultery, had such a character of licentiousness as allied it to that offence and was like it in kind.

The evidence fully warrants the court, under an amended petition, in exercising its judicial discretion, granting to the petitioner a divorce from bed, board and future cohabitation with the respondent until the parties be reconciled, and assigning to her a separate maintenance out of the estate of the respondent. The petitioner is granted leave to amend her petition by adding to the allegations of grounds for divorce therein that portion of the specifications contained in her motion which is hereinbefore set out.

At the hearing on said motion to amend, the right of the petitioner, under the evidence, to have a decision in her favor upon any of the specifications contained in her motion was argued at length by counsel for the respondent.   Gen. Laws, 1909, Chapter 298, § 22, however, provides that "judgment shall not be ordered against the party in whose favor the verdict or decision was rendered, until opportunity shall have been given to such party to show cause why such order should not be made."   Accordingly the respondent will be given an opportunity on December 20, 1915, to show cause why an order should not be made remitting the case to the Superior Court with direction to enter a decision granting to the petitioner a divorce from bed, board and future cohabitation with the respondent until the parties be reconciled upon the grounds set out in the amendments to the petition hereby granted, assigning to the petitioner a separate maintenance out of the estate or property of the respondent in such manner and of such amount as the Superior Court after hearing shall think necessary or proper, and regulating the custody and providing for the education, maintenance and support of the minor children of the petitioner and respondent.

*Sheffield & Harvey,* for petitioner.

*Clark Burdick, Walter H. Barney,* for respondent.